The Appellate Court of Elements is reconvened. Thank you. You may be seated. The next case for this morning is case number 417-0091. In re The Marriage of O'Hare, for the appellant we have Mr. Stradt. Is that how you pronounce it, sir? Yes, ma'am. All right, thank you. And then Mr. Scott for the appellee. And Mr. Scott, we are aware that you filed a motion to strike and that motion was taken with the case. Thank you. You may proceed. May it please the court, my name is Ron Stradt, the respondent. Counsel, this is not helpful. What does it say about a parent who claims to love their child but yet denies that child a relationship with the other parent? My argument is fairly set forth in the brief. I will speak to the motion to strike the brief. When I received a letter from the clerk of the court saying that Supreme Court Rule 341H was excused, I took that to heart and streamlined my brief accordingly. I really have nothing more to say. If you have any questions, I'll be happy to answer them. I don't see any, counsel. Thank you. Thank you. Mr. Scott. I represent Teresa O'Hare. And at the beginning, I would like to introduce Justin Tabatabai. He has joined our office. This is his first time at the court for arguments. What was the last name? Tabatabai, Justin Tabatabai. And Justin's joined our office. He actually worked with me on the brief, so this is a good follow-up for him. We would ask the court to affirm Judge Asher's ruling and dismissal of the motion to modify parenting time. First of all, if you look at the motion and the brief that was filed by Mr. Strath, he's basically saying that the court wrongfully dismissed his petition because of the allegations contained in the petition and that there is a possibility he could apparently prove facts that would enable him to relief under the statute. In essence, what he's saying is, I want to switch to being a parent that has the same amount of time as the mother in this case, which is my client, Teresa O'Hare, and that that's a minor modification. And again, we do not have a definition of what minor modification is, but we quoted the case law and statutory interpretation. Mr. Strath seems to think that that's an ambiguous term, and I would disagree with that. Minor is a term that is accepted universally. We provided the court with the definition from Webster's, which said it's inferior in importance, size, and degree. I think most courts would be able to interpret a minor modification, which is referred to in the statute, which gives the court the opportunity to change a parenting plan or allocation of parental responsibilities, allocation of parenting time, when they find it's in the best interest if it's a minor issue. Switching to equal co-parenting has never been found to be minor issues when we dealt with custody and visitation. And I know there's not interpretation of the new statute yet, but it does give us some guidance of what we're looking at. And I know this court has given opinions a number of times, sometimes not ones that I wanted you to give, but it's obviously something that this court takes seriously. I think a trial court takes seriously. And what Mr. Stratt is attempting to do is to get around his obligation, if he wants to change parenting time, to show there is a substantial change in circumstance. That's what he's trying to get around. And that's what this new motion is. His first two motions, which I mentioned in my brief, his first two motions alleged laundry lists of reasons of substantial changes since the time of the judgment. And then the time that Mr. Giganti withdrew, he then withdrew all of those motions. And then he comes back and says, oh, just by means of the statute changing. Now I want something, and what I want is a minor modification. He doesn't allege facts. He claims the court has to give inferences to the facts that he alleged. He doesn't allege anything. He alleges, I want another night. Then he uses a percentage and says, oh, that's only 6%. And then he says, and if you do that, it's going to be in the best interest of the child. And he quotes another section of the statute because of this. None of those are facts, and each of those is an end run around change in circumstance. We think that that's inappropriate. You know, courts know when it's a minor thing. If you come in and you go, you know, Thanksgiving is supposed to start at 5. No, no. I'm filing a petition that's got to start at 3 because my family comes down from Timbuktu, and we have to eat at 3 or whatever it is. Courts that are trial courts, and all of you have been on the bench, you know what a minor situation is. The court can adjust that without having large hearings or saying there's a substantial change in circumstances or proving that the family always comes at 3 versus 5, those kind of things. But to switch to an equal shared parenting plan is a major issue to the court. It affects stability of the child. It affects schedules that have been placed for 6 1⁄2 years. And when a trial judge gets those type of petitions, if there are legitimate changes in circumstances, a trial court then analyzes that. And the reason for the statute and saying that there is a need to show a substantial change in circumstances is because it's an important function of the trial court. And in fact, if you look at and compare the statute now versus before, we have, I believe, 15 factors to look at when you say is there a change in circumstances, not just I want another night. So in essence, I laid out all of this in our brief. I think that Judge Asher was correct. I believe that there are no allegations of facts. He pled basically legal conclusions. Those legal conclusions are not sufficient to state a cause of action in the state of Illinois. And if he truly has a claim, then he can go back and plead it. The two that he pled earlier, he withdrew. And a number of those have been already dealt with by the court, as mentioned by Judge Asher, when she dismissed the second one or when she upheld the second one but scheduled a conference to try and narrow the issues. I filed a – I would like to address the motion to dismiss his brief. I filed a motion, and I did go back and re-read the standing order of the court that allows a memorandum without complying with 341H, because there were two allegations that I alleged that he didn't put in his memorandum brief. One of them was appoints and authorities that he didn't include. The second one is a statement of jurisdiction that is required under paragraph H. Now, the standing order of the court allows a memorandum instead of a brief, and it says you must include all of these if you're going to do a memorandum, but it doesn't say you must include 341H, appoints and authorities, and statement of jurisdiction. I think – I guess maybe Mr. Stratt says you don't have – if the letter comes out, he took that to mean you don't have to comply with 341H. That's up to this court in interpretation of your local order. I didn't read it that way, but I don't think there's an exclusion to comply with 342, which is an appendix, which is a requirement to allow this court to have in front of it the orders and the issues so that way when you do your analysis, it's attached to the brief. It doesn't say you don't have to comply with the rest of the order or the rest of the rules. It just says that if you want to do a memorandum, you have to include these specific sections of 341. I don't think it excludes 341H, but if the court interprets it that way, then I'll stand corrected. Again, we would ask for an order affirming the trial court's dismissal of Mr. Stratt's motion. Thank you very much. Thank you, counsel. Any rebuttal, counsel? I'd just like to make two points here. Mr. Stratt tried to characterize what Mr. Stratt is attempting to do. What Mr. Stratt is attempting to do is to maximize his parenting time, which is specifically stated in the statute. The second thing that Mr. Scott argues to this court is that it's the court's obligation to define what a minor modification is. He says that it's the court's function. This court is not the legislature. The statute clearly includes a term that is not defined. It is subject to interpretation, as I articulated in my brief. Therefore, I think it's incumbent upon this court to look at the statutory purpose. The most relevant one is to maximize parental involvement. And I just might say anecdotally, I used to think that parents who were not involved in their kids' life were bad parents. But now I'm rethinking this, because the system is failing that child-parent relationship. Again, what does it say about a parent who claims to love their child, but yet denies that child the same loving relationship with the other parent? And I've got to come to the government and beg and plead for this minor 6% increase in parenting time, as I articulated in the brief. Now, I will say again, I've never agreed with the decisions of the court that have said, you know, we need stability in these kids' life. Because I'm going to guess that all of you have been exposed to situations either in your personal life or the lives of people you know, where parents are running every which way to get their kids somewhere. And are you saying to them that they need to get stability? No. But it is the rule of the law that we want to have stability in a child's life. My ex-wife and I live six blocks apart. What I have proposed is a very stable parenting schedule that maximizes her time. Every other Tuesday and every other Wednesday, Thursday does not allow me and my daughter to do anything on any single day of the week. We can't do anything on Sunday, Monday, Tuesday, Wednesday, Thursday, Friday, or Saturday. If my daughter and I wanted to take a cooking class, which we have done on a Saturday afternoon at Lincoln Land, but if we wanted to do a class together that was every Monday night, nope, can't do it. Every Tuesday night, nope, can't do that either. No single night of the week. All I'm asking for is for this court to give me a hearing in the circuit court to show how this parenting plan maximizes the parental involvement of both parents. I'm not standing before you or any court to say that I want to take away my daughter's relationship with her mother. I'm saying it's divorce, the parents are not together, that's the reality, and what is the best you can do for the child. Give them maximum time with both parents. That's all I'm asking for. Thank you. We'll take this matter under advisement and be in recess.